UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| BENNIE JOE ANDERSON, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:24-CV-484-KAC-DCP |
| CITY OF KNOXVILLE, et al., | ) | |
| Defendant. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO AMEND, AND DISMISSING ACTION

On December 3, 2024, pro se Plaintiff Bennie Joe Anderson, Jr. filed a Complaint [Doc. 1], asserting claims against the City of Knoxville and others. On December 16, 2024, after screening Plaintiff's Complaint, the Court gave Plaintiff "an opportunity to amend" his Complaint to cure its deficiencies "[i]nstead of recommending dismissal" [*See* Doc. 6 at 4]. Plaintiff's Amended Complaint [Doc. 11], however, failed to cure the previously-identified deficiencies [*See* Doc. 12 (thoroughly screening and explaining the deficiencies in the Amended Complaint)].

Accordingly, United States Magistrate Judge Debra C. Poplin's March 3, 2025 "Report and Recommendation" ("Report") [Doc. 12] recommends that this Court dismiss Plaintiff's Amended Complaint and close the case [*See* Doc. 12 at 8]. Plaintiff has not objected to the Report, and the time to do so has passed [*See* Doc. 12 at 8 n. 6 (citation omitted) (providing fourteen (14) days to file any objections to the Report)]. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). However, on March 19, Plaintiff filed a "motion to amend my complaint" identifying that he would like to amend his case by filing the case under "Medical Neglect/Medical Malpractice" [Doc. 13].

As the Report ably analyzed, Plaintiff's Amended Complaint [Doc. 11], even liberally construed, fails to state any claim against any defendant that this Court has jurisdiction to

adjudicate and upon which relief may be granted [*See* Doc. 12 at 6-8]. Further, Plaintiff's Amended Complaint already includes allegations regarding any "Medical Neglect" or "Medical Malpractice" [*See* Docs. 13, 11]. Negligence and medical malpractice claims are generally state law claims. And as the Report outlines, the Amended Complaint does not affirmatively allege diversity jurisdiction such that the Court could exercise jurisdiction over the action based solely on any state law claims [*See* Doc. 12 at 7]. Moreover, Plaintiff's proposed amendment does nothing to close that gap [*See* Doc. 13]. Therefore, amendment as Plaintiff proposes to file the case under "Medical Neglect/Medical Malpractice" would be futile. *See Rose v. Hartford Underwriters Ins.*, 203 F.3d 417, 420 (6th Cir. 2000) (an amendment would be futile where the complaint, as amended, "could not withstand a Rule 12(b)(6) motion to dismiss").

For the reasons above, the Court **ACCEPTS** and **ADOPTS** the Report [Doc. 12] under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The Court **DENIES** Plaintiff's motion to amend his complaint [Doc. 13] as futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that a court may deny a motion to amend based on "futility of amendment"). And the Court **DISMISSES** Plaintiff's Amended Complaint [Doc. 11] **without prejudice** under 28 U.S.C. § 1915(e)(2)(B). An appropriate Judgment shall enter.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge